UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY JO GRANT,

               Petitioner,

vs.                              Case No.   2:10-cv-729-FtM-99SPC

CEFORNIA   P.   REED,   Fla.   DOC
Probation   Officer   and   FLORIDA
ATTORNEY GENERAL,

               Respondents.

_____

## OPINION AND ORDER

### I. Status

This matter comes before the Court upon review of the file. Petitioner, Nancy Jo Grant ("Petitioner" or "Grant") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 cn December 3, 2010 (Doc. #1, "December Petition") challenging Grant's trial-based conviction for 19 counts of the unauthorized practice of law in violation of Fla. Stat. § 454.23, for which Grant was sentenced to 15 years of probation. The Petition raises a single ground for relief: the trial court lacked subject matter jurisdiction because sole jurisdiction for the unlicensed practice of law lies within the Florida Supreme Court. December Petition at 3.

After being directed to file an amended petition because the December Petition was not on the form approved for use by the Court (see Doc. #4, December 8, 2010 Order), Petitioner filed an Amended Petition on January 5, 2011 (Doc. #5, "Amended Petition"). The

Amended Petition raises the same sole ground for relief: the trial court lacked subject matter jurisdiction to prosecute Petitioner because the Florida Supreme Court holds exclusive jurisdiction. Amended Petition at 5. Respondent filed a Response to the Amended Petition on April 11, 2011 (Doc. #12).

On May 2, 2011, Petitioner filed a motion for leave to file a proposed second amended petition (Doc. #14, Motion). After Respondent failed to file a response in opposition to the Motion, the Court granted Petitioner's Motion, directed the clerk to file the proposed second amended petition, and ordered Respondent to file a response to the second amended Petition. See Doc. #15, June 10, 2011 Order.

The Second Amended Petition (Doc. #16, Second Amended Petition) sets forth the following three grounds for relief:

> **Ground One:** The record reflects that Petitioner did not charge any money for free legal advice and legal forms and did not represent herself as qualified to practice law. "Practice of Law" is overbroad, vague, and is not defined by statute. It is defined only by case law and prohibits freedom of speech.

> **Ground Two:** The judge who tried the case was disqualified by operation of law by failing to respond to Petitioner's motion to disqualify within 30 days of filing and service on the judge. See Fla. R. Jud. Admin. 2.330(j) and Schisler v. State, 958 So.2d 503 (Fla. 3d DCA 2003).

> **Ground Three:** The lower court read improper jury instructions to the jury. Jury instructions were created from a "variety of sources" over Petitioner's objection and removed the question of legality of Petitioner's actions and directed the jury to find a verdict for the State. The instruction included case law, none of which

were criminal cases involving F.S. 454.23.   No standard
jury instructions existed - denied due process.

See generally Second Amended Petition.   Respondent filed a Response
to the Second Amended Petition (Doc. #19, Response), and attached
exhibits in support (Exhs. 1-3).   Respondent submits that the
Second Amended Petition is time-barred pursuant to 28 U.S.C. §
2244(d),[1] as the three grounds raised for relief in the Second

---

[1]On April 24, 1996, the President signed into law the
Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter
AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following
new subsection:

    (d)(1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court.  The
limitation period shall run from the latest of -

        (A) the date on which the judgment became
final by the conclusion of direct review or
the expiration of the time for seeking such
review;

        (B) the date on which the impediment to filing
an application created by State action in
violation of the Constitution or laws of the
United States is removed, if the applicant was
prevented from filing by such State action;

        (C) the date on which the constitutional right
asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on
collateral review; or

        (D) the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

    (2) The time during which a properly filed application
(continued...)

-3-

Amended Petition do not relate back to sole ground for relief raised in the December and Amended Petitions.   Response at 5-6. Petitioner filed a   Reply to the Response to Second Amended Petition (Doc. #20, Reply).   This matter is ripe for review.

## II. Procedural History

On September 25, 2007, Grant was sentenced to fifteen years probation after she was tried and found guilty after a jury trial held in the Twelfth Judicial Court, DeSoto County, Florida (case number 06-CF-335), of nineteen counts of violating Fla. Stat. § 454.23, which prohibits nonlawyers from practicing law.   Exh. 1, Vol. T (Sentencing Transcript).   On August 23, 2006, prior to Grant's conviction and sentencing, Grant filed a motion seeking a writ of prohibition in the Florida Supreme Court (case number SC06-1791).   The petition was transferred to Florida's Second District Court of Appeal (case number 2D06-4504).   Grant asserted that the trial court lacked jurisdiction to proceed on the basis that the Florida Supreme Court has exclusive jurisdiction over cases where the unlicensed practice of law is alleged.   On October 18, 2006, the Second District Court of Appeals denied Grant relief.   Exh. 2.   After sentencing, Grant's sentence and conviction

------

[1](...continued)
for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

-4-

were *per curiam* affirmed on direct appeal in case number 2D07-5083 on November 13, 2009.  Exh. 3.

### III.  Applicable § 2254 Law and Findings

The parties concede that Petitioner's judgment of conviction became final on February 12, 2010, 90 days after the appellate *per curiam* affirmed her conviction on direct appeal.  Response at 5, Reply at 7.  As noted above, other than her direct appeal, Petitioner did not file any other post conviction collateral motions to toll the limitations period.  Consequently, Petitioner's one year federal limitations period expired on February 12, 2011.

Both parties also concede that the original Petition containing one ground for relief, as well as the Amended Petition containing the same sole ground for relief, were timely filed.  Id. Nonetheless, the federal limitations period is not tolled during the pendency of a federal habeas petition.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).  Consequently, Respondent argues that Petitioner's Second Amended Petition filed May 2, 2011,[2] which abandoned the previous sole ground for relief and raised three new grounds for relief, is untimely filed because the three new grounds do not relate back to the original ground.  Response at 6-7. Petitioner contends that the three claims do relate back to the original claim for relief.  Reply at 8-10.

_____

[2]The Court affords Petitioner the earlier filing date on her motion seeking leave to amend for purposes of assigning a filing date for the Second Amended Petition.

Because the federal limitations period has expired, Petitioner can only amend her Petition if the amendment "relates back" to the date of his original Petition. Fed. R. Civ. P. 15(c). Petitioner has the burden of demonstrating that an amended pleading relates back under Rule 15(c). See Al-Dahir v. F.B.I., 454 F. App'x 238, 242 (5th Cir. 2011). Federal Rule of Civil Procedure 15 governs amended pleadings in civil cases and provides in relevant part:

> **(c) Relation Back of Amendments.**
>
> > **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
> >
> > > **(A)** the law that provides the applicable statute of limitations allows relation back;
> > >
> > > **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; . . .

Fed. R. Civ. P. 15(a), (c).    In Mayle v. Felix, the Supreme Court held that an amendment to a habeas petition may relate back "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." 545 U.S. 644, 664 (2005). A new claim does not meet that standard and, thus, does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. The terms "conduct, transaction, or occurrence" are to be narrowly construed and are not synonymous

with "trial, conviction, or sentence." Id. at 664 (rejecting the expansive view that Rule 15(c)(2) permits relation back "so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence"). See also Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)(finding a claim does not relate back merely because it arose from the same trial or sentencing proceedings). Consequently, an untimely claim that arises from "separate conduct," does not relate back to the timely claim. Id. Instead, Rule 15(c)(2) is "to be used for a relatively narrow purpose" and is not intended "to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003). Where a new claim "serves to expand facts or cure deficiencies in the original claim" then the claim is deemed to relate back. Dean v. United States, 278 F.3d 1218, 1223 (11th Cir. 2002). However, while the rule "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." Pruitt v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001). The Court is to apply the one-year AEDPA time limitation on a claim by claim basis. Zack v. Taylor, __ F.3d ___, 2013 WL 105166 (11th Cir. 2013).

Petitioner's sole ground for relief raised in her December and Amended Petitions challenged the trial court's jurisdiction. In

particular, Petitioner argued that the "Florida Supreme Court has exclusive jurisdiction to handle cases under the unlicensed practice of law provisions for the State of Florida." December Petition at 1, ¶2. Petitioner did not raise her original claim in her Second Amended Petition, which is the operative pleading.

The Court is required to construe liberally Petitioner's *pro se* pleadings in reviewing each of Petitioner's new claims and her December and Amended Pleadings. Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005). While the Court shows leniency to *pro se* litigants, it will not serve as *de facto* counsel or rewrite a pleading in order to sustain an action. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Thus, "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004). See also Local Rules, United States District Court, Middle District of Florida, Rule 4.01. Consequently, the Court deems the original claim challenging the trial court's jurisdiction abandoned by Petitioner because it was not raised in the operative pleading. The Court will next address the three grounds raised for relief in Petitioner's Second Amended Petition.

In ground one, Petitioner challenges the sufficiency of the evidence. Second Amended Petition at 5. Petitioner also

challenges the statute under which she was convicted as "overbroad, vague and [ ] not defined by statute" and as violating her First Amendment free speech rights.  Id.  Neither aspect of Petitioner's first ground is related to Petitioner's claim challenging the trial court's jurisdiction.  The Court does not find that either the sufficiency of the evidence or Petitioner's challenge to the Florida statute shares a common core of operative facts with her original claim.  Indeed, the claims are premised upon legal concepts and facts wholly unrelated to the original claim. Consequently, the Court finds ground one is time-barred under the relation back doctrine and must be dismissed.

In ground two, Petitioner challenges the propriety of the trial judge's failure to timely rule on her motion seeking to disqualify him.  Second Amended Petition at 7.  The claim relies upon Florida's Rules of Judicial Administration that apparently requires a trial judge to respond to a motion to disqualify him within a specified time period.  See Fla. R. Judicial Admin. 2.330. Petitioner argues that the failure of the trial court to timely rule on her motion deprived the trial court of jurisdiction. Amended Petition at 7.  Like Petitioner's original ground, this second ground challenges the jurisdiction of the trial court. Nonetheless, the factual predicate in support of this claim is different and unrelated to the factual predicate for the original claim.  The fact that both claims challenge the trial court's jurisdiction does not *ipso facto* make the claims related.  See

United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009)(pointing out that "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision."). See also United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000)(where petitioner originally challenged as improper his enhancement for a prior conviction and sought to add a new claim challenging as improper his enhancement for obstruction of justice, the court found the claims not related and noted "[w]hile this claim has the same form as the original claim for improper enhancement, it arises out of a wholly different conduct."). Similarly, Petitioner's original claim and her new ground two are premised on different Florida laws. Petitioner's original claim challenges the constitutionality of the Florida statute under which Petitioner was prosecuted, convicted and sentenced. In contrast, Petitioner's second ground in the Second Amended Petition challenges a Florida Rule of Judicial Administration, which does not affect the fact or duration of Petitioner's conviction and sentence, but requires that a ruling be made by the trial judge within a specified time. Consequently, the Court dismisses Ground Two as time-barred and not subject to the relation-back doctrine.

In her third ground for relief, Petitioner assigns error to the trial court stemming from the jury instructions. Second Amended Petition at 8. Notably, Petitioner does not identify any

specific instruction, but challenges the jury instructions as a whole. Id. There is no basis for this Court to find that Petitioner's claims of error stemming from the instructions given to the jury at the close of trial relate back to Petitioner's original claim that trial court lacked jurisdiction to prosecute Petitioner for the charges for which she stands convicted and sentenced. These claims are "distinctly separate" claims. Romanes v. Sec'y, Dep't of Corr., 621 F. Supp.2d 1249, 1266 (M.D. Fla. 2008)(finding "[t]rial counsel's conduct during trial and appellate counsel's conduct on appeal are distinct in both time and type.").

Based upon the foregoing, the Court finds the three grounds for relief raised in the Second Amended Petition do not relate back to the sole ground for relief set forth in the December Petition or the Amended Petition; and, thus are time-barred. Petitioner does not allege, nor demonstrate, that she is entitled to equitable tolling. Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008). Further, to the extent that Petitioner attempts to use the fundamental miscarriage of justice exception to avoid the time bar of these three additional claims, she fails to carry her burden. Petitioner's self-proclaimed assertion that she is legally innocent fails to demonstrate her actual innocence. Schlup v. Delo, 513 U.S. 298, 315 (1995).

ACCORDINGLY, it is hereby

**ORDERED:**

-11-

1.    Petitioner's Second Amended Petition (Doc. #16) is dismissed as the three grounds for relief are time-barred.

2.    The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Orlando, Florida, on this ___16___ day of May, 2013.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

-13-